UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DARRYL LEE FERGUSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 4:14-CV-74-TLS |
| BRANDA LAMB, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On November 11, 2014, the Plaintiff, Darryl Lee Ferguson, filed a pro se Complaint [ECF No. 1] against the following defendants: Branda Lamb (Case Manager with Indiana Department of Child Services), Don Zickmund (Deputy Sheriff Benton County), Jason Pritchett (Otterbein Police Department), Fowler Police Officer, and Marci Maris (Benton County Probation Officer). The Plaintiff alleges violations of his federal constitutional rights under 42 U.S.C. § 1983. This matter is now before the Court on a Motion to Dismiss [ECF No. 35], filed by Branda Lamb on April 3, 2015. On May 8, 2015, the Plaintiff filed his Response [ECF No. 39]. On May 18, 2015, Lamb filed her Reply [ECF No. 40].[1] The other defendants have filed answers to the Plaintiff's Complaint, but only Lamb has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion to Dismiss [ECF No. 35] is granted.

## FACTUAL BACKGROUND

This lawsuit stems from interactions involving the Plaintiff's son, A.F., and A.F.'s case manager, Branda Lamb, who works for the Indiana Department of Child Services. The Plaintiff

---

[1] The Plaintiff had filed a Motion to Appoint Counsel [ECF No. 10], which was denied without prejudice on July 29, 2015 [ECF No. 41].

alleges that "Lamb has been my child's case manager for well over a year."[2] (Compl. 2, ECF No. 1.) During that time, Lamb "has received complaints from schools, hospitals, and very concerned adults," and A.F. has "begged her for help from threats to his life." (*Id.*) The Plaintiff also states that "A.F. was, again, assaulted at his mother's house just days ago." (*Id.* at 3.) The Plaintiff alleges that "Lamb always lie's [sic] in her reports to satisfy her personal agenda," and "[s]he has heartless disregard for her duty." (*Id.* at 2.)

The Plaintiff also provided a redacted version of Lamb's report, which is dated October 28, 2014 [ECF No. 5].[3] In the report, Lamb summarized her investigation into a claim that A.F.'s mother, Rebecca Funkhouser, neglected and abused him. The report stated that although A.F. lived with his mother, A.F. and the Plaintiff expressed their mutual desire that A.F. live with the Plaintiff. Lamb compiled her report after conducting interviews with the Plaintiff, A.F.'s mother, A.F., a sibling of A.F., several school officials, and members of local law enforcement. Further, Lamb indicated that she made multiple surprise visits to the mother's home. Lamb's report concluded that the allegations that A.F.'s mother abused and neglected him were unsubstantiated.

The Plaintiff seeks "$700,000 from [Lamb] for" her actions (Compl. 3), which he asserts violated his due process rights to life and liberty, and equal protection under the Fourteenth Amendment. The Plaintiff's equal protection claim is based on "[s]elective or gender

---

[2] To improve readability, minor formatting changes were made to the passages quoted from the Plaintiff's filings. For example, all caps lettering was not preserved. The substance of any quoted text was not altered.

[3] The Plaintiff initially attached this report as an exhibit to his Complaint [ECF No. 1-5]. Subsequently, the Plaintiff filed a motion that sought to replace the report with a redacted version, which was attached to that motion. (Mot. Amend Original Compl. 1., ECF No. 5.) On December 15, 2014, Magistrate Judge Martin granted the Plaintiff's Motion, which he construed as a motion to redact. Therefore, the redacted report [ECF No. 5] is an attachment to the Complaint.

discrimination." (Compl. 3.)

**STANDARD OF REVIEW**

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court must accept all of the factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). At the same time, the Court must construe the Plaintiff's pro se submissions in a liberal manner. *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that a plaintiff's pro se status means that his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks and citation omitted).

**ANALYSIS**

To prevail on a § 1983 claim, a plaintiff must show that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Because Lamb is the only defendant who filed a motion to dismiss, only the Plaintiff's claims against Lamb will be addressed. The Plaintiff appears to be claiming that Lamb abused her power as a public official, and thereby violated substantive due process and equal protection. *Geinosky v. City of Chi.*, 675 F.3d 743, 747, 750 (7th Cir. 2012) (finding that substantive due process

claims, while limited in scope, may address certain "harmful, arbitrary acts by public officials," and acknowledging that the Equal Protection Clause protects individuals against purely arbitrary government classifications).

The Plaintiff has not clearly stated whether he is suing Lamb in her official or individual capacity. Because the Plaintiff is proceeding pro se and the Court must liberally construe the Complaint, the Court will consider both capacities. The Plaintiff's due process and equal protection claims will be discussed as they relate to each form of suit.

A.   **Claims Against Lamb in her Official Capacity**

Lamb argues that the Plaintiff's suit against her in her official capacity fails for two reasons. First, that sovereign immunity under the Eleventh Amendment bars the Plaintiff's claims. Second, that Lamb is not a "person" under § 1983 and thus may not be subject to liability under that statute.

An official capacity suit is essentially one against the government entity itself. *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). However, the Eleventh Amendment precludes a citizen from suing a state, including state officials in their official capacities, for money damages in federal court without the state's consent. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989).[4] Further, a state official acting in her official capacity is not a "person" under § 1983 when a plaintiff is seeking damages. *Id.* at 71 ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but

---

[4] Although there are exceptions to the Eleventh Amendment bar against suits for money damages—waiver and Congressional abrogation, *see Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletic Dep't*, 510 F.3d 681, 695 (7th Cir. 2007) (describing the exceptions)—neither is present here. Indiana has not waived its Eleventh Amendment immunity, *Meadows v. State of Ind.*, 854 F.2d 1068, 1069 (7th Cir. 1988); Ind. Code § 34-13-4-3, and the United States Supreme Court has held that Congress did not intend for § 1983 to disturb states' Eleventh Amendment immunity, *Will*, 491 U.S. at 63.

rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citation omitted). "Whether a particular official is the legal equivalent of the State itself is a question of that State's law." *Garcia v. City of Chi.*, 24 F.3d 966, 969 (7th Cir. 1994).

The Plaintiff's Complaint shows that Lamb is employed by the Indiana Department of Child Services as a case manager. The Indiana state legislature created the Department of Child Services, and it is a state agency. Ind. Code § 31-25-1-1; *see also Hetherington v. Dep't of Child Servs.*, Cause No. 2:11-CV-62 RLM, 2012 WL 523712, at *3 (N.D. Ind. Feb. 12, 2012) (recognizing that the Indiana Department of Child Services is an "arm of the state"). Further, the director of this state agency is permitted under Indiana law to "employ necessary personnel to carry out the department's responsibilities." § 31-25-2-2. In addition to a case where the Plaintiff was a party, courts have held that employees of the Indiana Department of Child Services are not "persons" under § 1983. *Ferguson v. James*, Case No. 4:13-CV-050 JD, slip op. at 3, 6 (N.D. Ind. Feb. 20, 2015) (granting a motion to dismiss under Rule 12(b)(6) because the defendants worked for the Indiana Department of Child Services and were not "persons" under § 1983); *Rangel v. Reynolds*, 607 F. Supp. 2d 911, 921 (N.D. Ind. 2009) (granting a motion to dismiss under Rule 12(b)(1) after finding that the defendant, who was a caseworker employed by the Indiana Department of Child Services, was not a "person" subject to liability under § 1983 when sued in her official capacity); *see also cf. Bouskill v. Ind. Dep't of Child Servs., Family & Children's Ctr.*, Cause No. 3:11cv476 RLM–PRC, 2013 WL 6199230, at *1 (N.D. Ind. Nov. 26, 2013) (citing *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 808 n.6 (7th Cir. 2010)) (holding that an Indiana Department of Child Services caseworker who was sued in her official capacity

under § 1983 was entitled to judgment as a matter of law).[5]

Thus, given that Lamb is a state official for § 1983 purposes, the Plaintiff's official capacity claims for damages are not cognizable. The Plaintiff's due process and equal protection claims against Lamb in her official capacity are dismissed with prejudice.

B.     **Claims Against Lamb in her Individual Capacity**

Lamb asserts that the Plaintiff's Complaint, even if construed as suing Lamb in her individual capacity, fails to state a claim because the Plaintiff's allegations do not satisfy the requirements of Rule 8. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Similarly, although Rule 8 does not require "detailed factual allegations," a plaintiff may not merely provide "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) ("[A] complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" (quoting *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th

---

[5] This Court notes that courts considering § 1983 claims brought against a defendant in her official capacity, which implicates the Eleventh Amendment, have been dismissed under both Rule 12(b)(1) and (b)(6). *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370–71 (7th Cir. 2010) (noting the unusual nature of the Eleventh Amendment, as it is both waivable and an issue the court may raise itself). At times, the court has converted a defendant's Rule 12(b)(6) motion into a Rule 12(b)(1) motion, and then dismissed the claims in the complaint. *Hetherington*, 2012 WL 523712, at *3–4. Because Lamb has argued that the Plaintiff's official capacity claims are barred by the Eleventh Amendment and by virtue of Lamb not being a "person" under § 1983, and these claims would be resolved the same either Rule 12(b)(1) or (b)(6), the Court declines to convert the Defendant's motion into a Rule 12(b)(1) motion.

Cir. 1993)). Nor is it sufficient for a complaint to tender "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The Plaintiff's Complaint states that Lamb is his child's case manager and his rights to equal protection and substantive due process have been violated because Lamb receives complaints that A.F. is in danger, but Lamb lies in her reports and otherwise does nothing to stop the dangers that A.F. faces. The Plaintiff also attached to the Complaint a redacted version of a report that Lamb made when she investigated an allegation that A.F. was being abused by his mother. One paragraph of that report discusses Lamb's interactions with the Plaintiff, who is identified as "Father," and "Lie!" is written by hand in the margin next to that paragraph. (Mot. Am. Original Compl. 4.) The Plaintiff alleges that Lamb's actions have harmed his "life" interest by claiming his health," as well as his "liberty." Further, he alleges that Lamb has discriminated against him "selective[ly]" or based on his "gender" in a manner that violates equal protection.

Plaintiff's statements regarding "life" and "liberty" seem intended to invoke substantive due process claims. "[S]ubstantive due process . . . protects an individual from the exercise of governmental power without a reasonable justification." *Belcher v. Norton*, 497 F.3d 742, 753 (7th Cir. 2007). However, substantive due process has a "very limited" scope, and "is intended as a 'limitation of the State's power to act, not as a guarantee of certain minimal levels of safety and security.'" *Id.* (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)). Executive action violates substantive due process only if it shocks the conscience in a constitutional sense, which is a higher threshold than most categories of traditional tort law. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847–48 (1998) (citation omitted).

The Plaintiff's Complaint lacks sufficient factual detail to adequately state a claim that

7

Lamb's actions violated his substantive due process rights. The Plaintiff's Complaint provides no details about how his health has been affected. Next, although he alleges that Lamb has received "complaints from schools, hospitals, and very concerned adults," he has not identified any of these complaining institutions or individuals, when these complaints were made, or the nature of these complaints. (Compl. 2.) Further, despite alleging that Lamb always lies in her reports and writing "Lie!" next to a paragraph of the attached report, these conclusory and unclear statements give no indication of how Lamb is lying as it relates to her investigation of reports of abuse by A.F.'s mother. This paragraph that the Plaintiff points to does not address the interactions between A.F. and his mother, but instead discusses A.F.'s interactions with his father, the Plaintiff. Thus, the Plaintiff has not alleged any specific facts to suggest that Lamb acted inappropriately when investigating this single instance of reported abuse by A.F.'s mother, nor has he provided any facts about any other reports to which he alludes.[6] *Hughes v. Jones*, 40 F. Supp. 3d 969, 987 (N.D. Ill. 2014) (granting a motion to dismiss filed by an investigator for a state department of child services because even though the plaintiff claimed that the investigator's actions infringed upon her rights as a parent, the complaint did not show that the investigator's findings altered her custody or ability to make decisions, or removed the child from her lawful care, nor did the complaint explain how her rights as a parent were infringed).

The Plaintiff's equal protection claim based on gender discrimination suffers the same

---

[6] The Court also notes that the Complaint and other filings suggest that the Plaintiff may be dissatisfied with earlier decisions by the state courts that appear to have awarded custody to A.F.'s mother. This Court will merely point out that, under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), it lacks jurisdiction to review those decisions, *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010), even though "'the state court judgment might be erroneous or even unconstitutional,'" *id.* (quoting *Kamilewicz v. Bank of Bos. Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)).

deficiencies as his substantive due process claims. "The Equal Protection Clause grants to all Americans 'the right to be free from invidious discrimination in statutory classifications and other governmental activity.'" *Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996) (quoting *Harris v. McRae*, 448 U.S. 297, 322 (1980)). To establish liability under § 1983, a plaintiff must show that the defendant "discriminated against him based on his membership in a definable class" and "that the defendant[] acted with a nefarious discriminatory purpose." *Id.* As Lamb notes in her motion to dismiss, the Plaintiff has not alleged any facts to show that Lamb treated him differently because of his gender. Merely inserting the word "gender" into a complaint does not state an adequate claim for gender discrimination. *Snyder v. Smith*, 7 F. Supp. 3d 842, 860 (S.D. Ind. 2014) (dismissing a plaintiff's gender discrimination claim because, in her complaint, she merely identified herself as a woman and then asserted that the police did not protect her "out of sheer malice").

The Plaintiff also alleges that Lamb selectively discriminated against him, which the Court construes as a "class of one" equal protection claim. A "class of one" equal protection claim is permissible regardless of membership in any recognized protected class. *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685 (7th Cir. 2013). It requires that a plaintiff "allege that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Geinosky*, 675 F.3d at 747 (quoting *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008)). To overcome a Rule 12(b)(6) motion to dismiss on this type of claim, the plaintiff "'must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" *Kopp*, 725 F.3d at 686 (quoting *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir. 2008)). "[A] given action can have a

9

rational basis and be a perfectly logical action for a government entity to take even if there are facts casting it as one taken out of animosity." *Id.* (quoting *Flying J Inc.*, 549 F.3d at 546).

The Plaintiff's Complaint and other filings contain numerous expressions of his negative perceptions of Lamb and his belief that she is not performing her duty, but the Plaintiff otherwise does not present any specific facts to demonstrate how he is being treated differently without a rational basis. Assuming the paragraph in Lamb's report that the Plaintiff labels a "lie" is actually false, this is not enough to overcome the presumption of rationality. Other sections of the report, which the Plaintiff does not take issue with, provide a rational basis for Lamb to conclude that the report of abuse was unsubstantiated. *Id.* (affirming dismissal of the plaintiff's "class of one" claim because social services agents had a "*conceivable* rational basis for the difference in treatment" when they used their discretion to decide how to investigate allegations of sexual assault, despite the plaintiff's allegation that political connections spurred the agents to not investigate some conduct). Even if the Plaintiff is not required to point to a similarly-situated individual in his complaint, *Geinosky*, 675 F.3d at 748 n.3, the Plaintiff has not alleged any facts to show that Lamb harassed him without any conceivable legitimate purpose, *cf.* at 745, 748 (holding that the plaintiff's complaint stated a "class of one" claim when the plaintiff showed that he received twenty-four parking tickets: (1) with some bearing the same time (implying he was in two places at once); (2) others were issued several months apart that had sequential citation numbers and had the same time written on them; (3) several were issued when his estranged wife was in possession of the vehicle; and (4) a few were issued after he sold the vehicle).

For the reasons discussed above, the Plaintiff's substantive due process and equal protection claims are dismissed without prejudice.

As a final matter, the Court notes that the briefing for this motion to dismiss does not address whether Lamb is immune from individual liability. Without deciding this issue, the Court merely observes that, had any claims against Lamb survived dismissal, Lamb would likely be able to claim immunity, which would preclude the Plaintiff from imposing liability upon Lamb. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237–38 (7th Cir. 1986) (stating that because a § 1983 suit against a government official in his or her personal or individual capacity seeks to impose personal liability, such an official may raise any applicable personal immunity defenses).

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss [ECF No. 35], filed by Branda Lamb, is GRANTED. The Plaintiff's claims brought against Lamb in her official capacity are DISMISSED WITH PREJUDICE, and the Plaintiff's claims brought against Lamb in her individual capacity are DISMISSED WITHOUT PREJUDICE. Upon review of the docket, the Court observes that there have been several orders to seal documents filed in this matter. Based on these orders, some documents are no longer accessible by the parties. Therefore, the Court DIRECTS the Clerk to allow the restricted documents to be accessible to the parties and court participants, but otherwise continue to withhold access to the general public.

SO ORDERED on May 17, 2016.

                                               s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT
                                               FORT WAYNE DIVISION